UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Eric Holmes,
On behalf of Himself and
All others similarly situated

       Plaintiff

vs.                                                  Case No. 16-CV-821

Sid's Sealants, LLC.
Sid Arthur

       Defendant

**MEMORANDUM IN SUPPORT OF AMENDED MOTION TO DISMISS OR TRANSFER VENUE**

### I.    Introduction

Plaintiff, Eric Holmes, brings this action on behalf of himself and others similarly situated in The Western District of Wisconsin.  Holmes asserts that venue in the Western District of Wisconsin is proper per paragraph 5 and 12 of the First Amended Complaint on the grounds that a substantial part of the events giving rise to this claim occurred in the Western District of Wisconsin and Sid's Sealants LLC and North Shore Restoration LLC reside in the Western District of Wisconsin.  Plaintiff Holmes therefore asserts under 28 U.S.C. Section 1391(B)(1) and (2) that venue is proper in the Western District.  This is false.

When determining a motion to transfer, courts consider both private factors and factors relating to the interests of justice.  As for private factors, Plaintiff is well aware

and there is no disputing that all parties and attorneys involved in this action reside in the Eastern District of Wisconsin. In fact, counsel for all parties maintain their principal offices in Milwaukee, Wisconsin, one mile from the courthouse for the Eastern District of Wisconsin. Further, there is no denying that all material events occurred in the Eastern District of Wisconsin and all evidence related to Plaintiff's claim is located in the Eastern District of Wisconsin. All payroll and time keeping records and activities forming the alleged basis for the complaint occurred in the Eastern District of Wisconsin and all witnesses deriving therefrom reside in the Eastern District of Wisconsin. Put simply, all private factors relating to this case support a change of venue to the Eastern District of Wisconsin. One has to wonder why the plaintiff would choose a forum outside his forum of residence, unless it is done for the simple purpose of inconveniencing the defendants.

Further, this case is in its infantile stages and therefore a change of venue to the Eastern District of Wisconsin, where all parties involved reside, would not disrupt the efficient administration of justice. The Eastern and Western District Court are equally capable of applying the law to the issues in this case and the Milwaukee community and the communities within the surrounding Milwaukee area and ultimately, the Eastern District have a stronger relationship to this case. In fact, the law, facts, logic, and common sense support a determination that venue is more convenient for the parties in the Eastern District of Wisconsin. The Western District is neither proper nor the convenient venue.

## II. This Court Should Transfer This Case to the Eastern District of Wisconsin

### A. Legal Standard

Under 28 U.S.C. § 1404 (a), "a district court may transfer any civil action to any other district or division where it might have been brought" "for the convenience of the parties" and "in the interest of justice."  A party requesting the transfer bears the burden of establishing the transferee forum is "clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir. 1986). In deciding the motion, a court must decide whether the transfer serves the convenience of the parties and witnesses and promotes the interest of justice. *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996) (question is whether plaintiff's interest in choosing forum is outweighed either by convenience concerns of parties and witnesses or interests of justice).

Most Courts have broken their analysis into two parts:  private factors and interest of justice factors. *See e.g. Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257 (1981).  For private factors, the court considers the plaintiff's choice of forum, the situs of material events, the convenience of the parties (and witnesses) relative to their respective residences, and the ease of access to sources of proof in each forum. *Harley-Davidson, Inc. v. Columbia Tristar Home Video*, 851 F. Supp 1265, 1269 (E.D. Wis. 1994).  For the interest of justice analysis, Courts consider the transferor and transferee court's familiarity with the applicable law, the effect of transfer on the efficient administration of justice, and the relationship of the communities to the litigation. *See e.g. Moore v. Motor Coach Industries, Inc.,* 487 F. Supp. 2d 1003, 1008 (N.D. Ill. 2007).

### B. Private Factors

(i) <u>Plaintiff's Choice of Forum and Situs of Material Events</u>

Plaintiff's choice of forum is only entitled to deference when the Plaintiff is litigating in his home forum. *See e.g., Ledalite Architectural Products v. Focal Point, L.L.C.*, 2008 WL 4615784 at *2 (W.D. WI 2008) *citing Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255-56 (1981); *Rudich v. Metro Goldwryn Mayer Studio, Inc.*, 2008 WL 4691837, at *4 (W.D. WI 2008) ("The general rule that a plaintiff's choice of forum deserves deference applies only when a plaintiff is litigating in his home forum).

The Western District is not the home forum of the Plaintiff, who resides in the Eastern District of Wisconsin. Based on a review of the Wisconsin Circuit Court records, Wisconsin Circuit Court case 2007-PA-368PJ, and Plaintiff's driving records, Eric Holmes maintained a principal residence located at 2338 N. 55th Street, Milwaukee, Wisconsin 53206 and then recently relocated to another residence in the city of Milwaukee. (See ¶ 4 Sidney Arthur Affidavit). Therefore, Plaintiff's preference for the Western District should be given little, if any weight. *Moore v. Motor Coach Industries, Inc.*, 487 F. Supp. 2d 1003, 1007 (N.D. Ill. 2007) (finding that plaintiff's choice of forum should be given less deference because plaintiff did not reside in that forum).

Plaintiff argues that the Western District is appropriate because Defendants reside in the Western District and a substantial part of the events giving rise to the claims occurred in the Western District. However, all Defendants reside in the Eastern District of Wisconsin as does the Plaintiff.

Defendant Sid's Sealants LLC is a Wisconsin Limited Liability Company with a principal place of business located at 116 W. Grand Avenue, City of Port Washington, Ozaukee County, WI. (See ¶ 2 Sidney Arthur Affidavit). Defendant North Shore Restoration LLC is a Wisconsin Limited Liability Company with a principal place of business located at 116 W. Grand Avenue, City of Port Washington, Ozaukee County, WI. (See ¶ 3 Sidney Arthur Affidavit). And, Defendant Sidney N. Arthur resides at 1775 Shalestone Drive, City of Port Washington, Ozaukee County, Wisconsin. (See ¶ 1 Sidney Arthur Affidavit).

Further all the allegations in Plaintiff's complaint involve Defendants' payroll and time keeping records relating to Plaintiff's alleged employment with Sid's Sealants, LLC, and/or employment at North Shore Restoration, LLC and that activity all transpired in the Eastern District of Wisconsin. Each companies' records are retained at the employers' place of business in Port Washington, Wisconsin and all employees charged with payroll and time keeping duties for each company reside in the Eastern District of Wisconsin. Additionally, the Defendants and Plaintiff performed the vast majority of work in the Eastern District of Wisconsin. Plaintiff provides no evidence that he resided in the Western District or that payroll decisions, payments, and time keeping records were conducted and maintained in the Western District. Therefore, the situs of events and materials unquestionably favors venue in the Eastern District of Wisconsin.

(ii)	<u>Convenience of the Parties and Witnesses</u>

The convenience of the parties is also an important factor in determining whether a change of venue should be granted. 28 U.S.C. § 1404; *E.E.O.C. v. Area Erectors, Inc.*, 2007 WL 5601487 at *1 (W.D. WI 2007) (*citing Coffey v. Van Dorn Iron Works*, 796 F.2d 217 (7th Cir. 1986)). In this case, it is undisputed that none of the parties to this action reside in the Western District of Wisconsin. Instead, all the parties to this action reside in the Eastern District of Wisconsin. *Id.; supported by* (Sidney Arthur affidavit ¶1-4). Further, Plaintiff's attorneys and Defendants' attorneys are located in the City of Milwaukee and their offices are within one mile of the United States Courthouse for the Eastern District of Wisconsin. (See ¶ 7 Sidney Arthur affidavit).

The Plaintiff wants this Court to ignore the practical reality that Plaintiff, Plaintiff's counsel, Defendants, and Defendants' counsel and all witnesses are all located within a brief 30 minute or less commute to the Eastern District Courthouse. (See ¶1-7 Sidney Arthur affidavit); *Ledalite Architectural Products v. Focal Point, L.L.C.*, 2008 WL 4615784 at *2 (W.D. WI 2008) (deference to Plaintiff's choice of forum only applies when Plaintiff sues in its home forum).

This case should have been filed in the Eastern District of Wisconsin. Both subject matter and personal jurisdiction exists there. Defendants are not asking this Court to shift the inconvenience from Defendants to the Plaintiff. Rather, a transfer to the Eastern District would serve the convenience of all parties involved and would be far less disruptive to the activities of the parties and their attorneys. Therefore, the convenience factor of the parties and their attorneys favors the Defendants.

The convenience of the witnesses is also an important factor when considering a motion to change venue. 28 U.S.C. § 1404; *see also Rudich v. Metro Goldwryn Mayer Studio, Inc.*, 2008 WL 4691837, at *4 (W.D. WI 2008). In this case, there are no witnesses with any knowledge of payroll practices and records located outside of the Eastern District of Wisconsin. Defendant provided an affidavit to support this fact which states that "all persons having knowledge and information regarding Sid's Sealants LLC's payroll records and practices [as well as North Shore Restoration LLC's payroll records and practices] are located in the City of Port Washington, Ozaukee County, Wisconsin, the Eastern District of Wisconsin." (See ¶5-6 Sidney Arthur affidavit)

Further, Plaintiff filed both a Collective Action under FLSA, 29 U.S.C. §216(b) and a Class Action under Fed. R. Civ. P. 23. Therefore, there will presumably be a class certification hearing and potentially other witnesses or parties involved in this case. Defendants take the position that this case is not appropriate for a class action certification. However, assuming arguendo that the court finds class certification appropriate, Defendant asserts that the vast majority of Sid's Sealants, LLC employees and North Shore Restoration, LLC employees reside in the Eastern District, much like named Plaintiff.

Since all parties, attorneys, and most, if not all, witnesses are located in the Eastern District, it is clearly more convenient for the witnesses, and everyone else involved to adjudicate this case in the Eastern District. Despite this convenience, Plaintiff would have the Defendants and their witnesses travel to Madison, Wisconsin as opposed to walking out their front door and strolling over to the Eastern District of

Wisconsin located in Milwaukee, Wisconsin. The convenience of the witnesses favors the Defendants.

    (iii)    <u>Relative Ease of Access to Sources of Proof</u>

Additionally, no evidence in this case is located outside of the Eastern District of Wisconsin. The allegations in Plaintiff's complaint all involve Defendants' payroll and time keeping records regarding the Plaintiff's alleged employment with Sid's Sealants, LLC and/or North Shore Restoration, LLC. Defendant also provided an affidavit to support the fact that all records and potential evidence is located in the Eastern District. The affidavit states, "[Defendant] does not maintain any records, nor does it have any employees with knowledge of payroll practices and records located outside Ozaukee County, Wisconsin, that is, outside the Eastern District of Wisconsin." (See ¶5-6 Sidney Arthur affidavit). Plaintiff does not even assert nor can he establish that Defendant Sid's Sealants, LLC or North Shore Restoration, LLC maintains any offices or keeps any records concerning the issues presented in this case in the Western District.

Yet, the plaintiff would have the defendants and their witnesses and all exhibits and documents travel to the inconvenient forum in Madison, Wisconsin as opposed to the Eastern District of Wisconsin. The exhibits and records, regardless of form are inert, but the parties, their attorneys and witnesses, are not inert and will be greatly inconvenienced.

### (iv) Interests of Justice

(v) <u>Familiarity with Applicable Law</u>

The familiarity with applicable law is a neutral factor in this case as the law is consistent between the two districts and no party is disadvantaged by either district. Both district courts are equally capable of applying the federal and state laws to this case. This factor should not be considered for purposes of this motion.

(vi) <u>Efficient Administration of Justice</u>

Parties are still very much in the beginning stages of this litigation. Plaintiff filed a complaint and amended complaint and Defendants have filed a motion to dismiss or transfer based on venue. There has yet to be a ruling on any motion in this case. Therefore, this case is still very much in the infantile stages of litigation and an order to transfer to the Eastern District will not disrupt an efficient administration of justice.

Lastly, some courts have held that a factor to consider is the relationship of the communities to the litigation. *Moore v. Motor Coach Industries, Inc.*, 487 F. Supp. 1003, 1009 (N.D. Ill. 2007). Here, both Plaintiff and Defendants reside in the Eastern District of Wisconsin. The majority of work that Defendants perform takes place in the Eastern District of Wisconsin. Therefore, the communities within the surrounding Milwaukee area and ultimately, the Eastern District of Wisconsin have a stronger relationship to this case.

Based on the above and foregoing private factors and the interest of justice factors, this case should either be dismissed or, if the court determines the interest of justice requires, be transferred to the Eastern District of Wisconsin.

Dated at Milwaukee, Wisconsin this 2nd day of June, 2017.

                    PADWAY & PADWAY, LTD.
                    Attorneys for Defendants


By: /s/ M. Nicol Padway
    M. Nicol Padway
    SBN: 1016666

By: /s/ Justin T. Padway
    Justin T. Padway
    SBN: 1106696

P.O. Address:
633 W. Wisconsin Avenue
Suite 1900
Milwaukee, WI 53203
Phone:  (414) 277-9800
Fax:     (414) 277-0189
mnpadway@padwaylaw.net
jtpadway@padwaylaw.net