IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC HOLMES, on behalf of himself and all
others similarly situated,

|  |  |  |
|---|---|---|
| | Plaintiff, | OPINION AND ORDER |
| v. | | |
| | | 16-cv-821-wmc |

SID'S SEALANTS, LLC, NORTH SHORE
RESTORATION, LLC, and SID ARTHUR,

Defendants.

---

Plaintiff Eric Holmes alleges that he and a group of similarly situated workers were deprived of wages and overtime pay by defendants Sid Arthur and his two companies, Sid's Sealants, LLC, and North Shore Restoration, LLC. Plaintiff brings a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), as well as claims under Wisconsin law. Before the court is a renewed motion to dismiss or transfer this action in which defendants assert if the action is allowed to proceed at all, then it should be venued in the Eastern District of Wisconsin where all of the parties and counsel reside. (Dkt. #19.) Because venue is proper in this district and any arguable inconvenience of litigating this case in the Western District is outweighed by the deference due plaintiff's choice of forum, the court will deny defendants' motion.

BACKGROUND[1]

Plaintiff Holmes resides in Milwaukee, Wisconsin, where the principal courthouse for the Eastern District is located.  Nevertheless, Holmes elected to bring his claim for wage theft and prevailing wage violations in the Western District of Wisconsin, whose principal courthouse is in Madison, roughly 80 miles away.  In support of his choice of venue, Holmes asserts that he and other employees performed a substantial amount of work in the Western District on behalf of the defendants, at least some of which contributed to their claims in this case. (Am. Compl. (dkt. #17) ¶ 4.)

Even so, both corporate defendants share a primary business address in Port Washington, Wisconsin, not far from Milwaukee and squarely within the Eastern District.  Moreover, company policy is set at those headquarters, and all payroll and time-keeping records are made and stored there.  (Aff. of Sidney Arthur (dkt. #11) ¶ 4.) Defendant Arthur also resides in Port Washington, and counsel for both parties maintain offices within walking distance of the Eastern District courthouse in Milwaukee.

Port Washington is 103 miles from Madison and 27 miles from Milwaukee, according to Google Maps.  The drive from Port Washington to Madison takes approximately one hour and 40 minutes; Port Washington to Milwaukee takes about 30 minutes.

---

[1] In setting forth the facts here, the court regards all allegations in plaintiff's amended complaint as true unless contradicted by affidavit. *See Leveski v. ITT Educ. Servs., Inc.,*, 719 F.3d 818, 828 (7th Cir. 2013).  Because the amended complaint is now the operative pleading, defendants' original motion to dismiss or transfer (dkt. #9) will be denied as moot.  The brief background set forth above is supplemented with more specific facts applicable to the court's personal jurisdiction and venue analysis below.

2

OPINION

## I.  Motion to Dismiss

There is little merit in defendant's motion to dismiss this action for improper venue under Fed. R. Civ. P. 12(b)(3).   When all defendants are residents of one state, venue is proper in any district where a defendant resides.   28 U.S.C. § 1391(b)(1).   A corporation "resides" in a district when its contacts in that district would suffice to establish personal jurisdiction if that district were a separate state.   28 U.S.C. § 1391(d). Thus, in a state with multiple judicial districts, such as Wisconsin, venue is proper in any district where a corporation would be subject to personal jurisdiction if that district were a separate state.   *KM Ents., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 724 (7th Cir. 2013); *see also Fabio v. Diversified Consultants, Inc.*, No. 13-cv-524, 2014 WL 713104, at *5 (W.D. Wis. Feb. 25, 2014) (accepting the parties' argument that "venue for suits against corporations is proper in a district in which a corporation would otherwise be subject to personal jurisdiction") (internal quotation marks omitted).   While the plaintiff bears the burden of establishing jurisdiction, the court resolves all disputes concerning relevant facts in the plaintiff's favor.   *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).   Given that there is no dispute that defendant Sid Arthur does not reside in the Western District, plaintiff must demonstrate that this court has personal jurisdiction over at least one of the corporate defendants to defeat the motion to dismiss for improper venue.

Citing *KM Enterprises,* both parties devote a portion of their briefs to disputing the scope and applicability of Wisconsin's long-arm statute to defendants, rather than

focusing on due process.  However, applying this test, which emerged in the diversity context, to a case in which all parties reside in Wisconsin is pointless since doing so renders the first element superfluous here.  725 F.3d at 723.  In fact, this case need not involve Wisconsin's long-arm statute at all, since it is but one avenue of demonstrating amenability to process under Rule 4.  *Swaim v. Moltan Co.*, 73 F.3d 711, 719-20 (7th Cir. 1996).[2]  Even if the court were to conduct the analysis along those lines, the result would remain the same since that statute authorizes personal jurisdiction to the maximum extent permitted by due process.  *See Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012) (holding that the Wisconsin long-arm statute is generally coextensive with due process).

Federal Rule of Civil Procedure 4 states that "[s]erving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."  Fed. R. Civ. P. 4(k)(1)(A).  Wisconsin state courts of general jurisdiction have personal jurisdiction over individuals domiciled within the state and over domestic corporations.  Wis. Stat.

---

[2] A long-arm statute is "a statute providing for jurisdiction over a nonresident defendant who has had contacts with the territory where the statute is in effect."  Black's Law Dictionary 1027 (9th ed. 2009).  Since this case concerns no person or property beyond the borders of the State of Wisconsin, by definition it cannot invoke the Wisconsin long-arm statute.  The reference in *KM Enterprises* to states' long-arm statutes is not a prescription for the inquiry district courts must conduct, but rather an example of how personal jurisdiction might arise under Rule 4 of the Federal Rules of Civil Procedure.  725 F.3d at 723.  This reliance on Rule 4 in turn stems from a series of Supreme Court and Seventh Circuit decisions which establish that personal jurisdiction exists in a district court when (1) the defendant is amenable to service of process in the district and (2) due process is satisfied.  *United States v. De Ortiz*, 910 F.2d 376, 381 (7th Cir. 1990) ("In order to exert personal jurisdiction . . . in this federal question case, the district court had to find that [the court action] accords with due process principles and that [the party] is amenable to process from the court.") (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)); *see also Primack v. Pearl B. Polto, Inc.*, 649 F. Supp. 2d 884, 887 (N.D. Ill. 2009).

§ 801.05(1). Because defendants in this case comprise two domestic Wisconsin corporations and one individual domiciled in Wisconsin, they are subject to the personal jurisdiction of the state courts under the state's jurisdictional statute. It follows from Rule 4 that service of summons establishes personal jurisdiction in any district court based in Wisconsin. Defendants are, therefore, amenable to process in the Western District of Wisconsin.

The separate determination as to this court's exercise of personal jurisdiction over defendants for purposes of due process generally is only a slightly closer question because the Western District of Wisconsin is treated like a separate state from its sister district to the east. *See* 28 U.S.C. § 1391(d); *KM Ents.*, 725 F.3d at 724; *De Ortiz*, 910 F.2d at 381. To satisfy due process, plaintiff must prove that: (1) defendants have purposefully availed themselves of the privilege of conducting business in the district or purposefully directed their activities here; (2) the alleged injury has arisen from defendants' forum-related activities; and (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.[3] *Felland*, 682 F.3d at 673 (internal quotation marks omitted).

First, taking the uncontested facts in the complaint as true, defendants have purposefully availed themselves of the privilege of conducting business in the Western District. Although the bulk of the companies' work occurs in the Eastern District, their employees appear to have travelled extensively to do work at far-flung jobsites. (Am.

---

[3] Because the parties have addressed only contacts necessary to satisfy the exercise of personal jurisdiction based on specific contacts, the court will not address the question of the defendants' general contacts, which would not appear to apply here and, in any event, are unnecessary to establish for the reasons below.

Compl. (dkt. #17) ¶¶ 17-23.)  According to plaintiff, a substantial amount of that work performed on these excursions occurred in the Western District.  (*Id.* at ¶ 4.)  Although none of the defendants maintain a normal place of business within the Western District, "lack of physical presence in the forum . . . is not determinative of personal jurisdiction." *Fabio*, 2014 WL 713104, at *3 (brackets omitted) (citing *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1219 n.3 (7th Cir. 1990)).  Because the defendants voluntarily conducted business in the Western District, therefore, the first due process element is satisfied.

The second element of the due process test is also satisfied.  As discussed above, plaintiff asserts that a substantial amount of work and travel time took place in the Western District.  Those unpaid (or underpaid) hours form part of the claims in this case.  Although the amount of work and travel done in the Western District may be minor relative to the hours spent in the Eastern District, the fact that a smaller proportion of the alleged wrongful activity occurred in this district does not remove personal jurisdiction.  *Cf. Sentry Select Ins. Co. v. McCoy Corp.*, 980 F. Supp. 2d 1072, 1076 (W.D. Wis. 2013) ("Nowhere in the Wisconsin law or due process does personal jurisdiction hinge upon an analysis of the percentage of defendant's own sales in the forum state.").  The only time when the district with "the most significant contacts" has any relevance would be if no district in Wisconsin had sufficient contacts to subject defendants to the exercise of personal jurisdiction.  28 U.S.C. § 1391(d).

While defendants argue that all of policy-setting and record-keeping duties that form the legal basis of the complaint occurred solely in the Eastern District, "this court is

6

obligated to 'look to the entire sequence of events underlying the claim, rather than a single action which may have triggered the claim.'" *Sentry Select*, 980 F. Supp. 2d at 1077 (quoting *Estate of Moore v. Dixon*, 460 F.Supp. 2d 931, 936 (E.D. Wis. 2006)).  Here, plaintiff has met his burden of showing that at least some actions that collectively form the basis of this lawsuit include the work performed by plaintiffs in this district for which they now seek compensation.  Moreover, as plaintiff points out, other courts have previously recognized that harms that occur within a district may give rise to personal jurisdiction there, even when the harms stem from policies created elsewhere.  *See Hundt v. DirectSat USA, LLC.*, No. 08-C-7238, 2010 WL 1996590, at \*4-5 (N.D. Ill. May 17, 2010).  Thus, the injury complained of arose at least in part from defendants' conduct in the Western District.

As for the third and final factor to consider in the due process analysis, exercise of personal jurisdiction by this court would comport with fair play and substantial justice. Generally, when arguing that litigation in a forum would be unfair or unjust, a defendant must show a "compelling" case for unfair or improper jurisdiction.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).  The fundamental inquiry is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."  *Id.* at 474 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)).  Among other factors, this court considers in answering this question are the burden on the defendant, the forum's interest in adjudicating the dispute, and the plaintiff's interest in obtaining convenient and effective relief.  *Fabio*, 2014 WL 713104, at \*4.

Defendants should have reasonably foreseen the possibility of litigating a wage claim in the Western District.  After all, they accepted contracts for work in, sent workers to, and completed projects in the Western District.  Companies that engage in such activities should not be caught entirely unawares by the prospect of litigation from allegedly insufficient compensation emerging in that same district.  Furthermore, the additional factors articulated in *Fabio* do not defeat jurisdiction.  If anything, plaintiff's interest in obtaining convenient relief—as expressed in his decision to file in the Western District—points towards a finding of jurisdiction given the deference due that decision and the defendants' failure to identify any particular inconvenience or community interest that would defeat jurisdiction.

Because due process requirements have been met and defendants are amenable to process in the Western District, therefore, personal jurisdiction over the corporate defendants exists and and venue is proper in this court under 28 U.S.C. § 1391(b)(1).[4] Accordingly, defendants' motion to dismiss for improper venue will be denied.

## II. Motion to Transfer Venue

Of course, as defendants also point out, a district court may transfer any civil action to another district where the action might have been brought when doing so would serve the "convenience of parties and witnesses [or] the interests of justice."  28 U.S.C. § 1404(a).  Transfer is proper when "(1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will

---

[4] The parties focus on venue under 28 U.S.C. § 1391(b)(1), but in light of the discussion above, venue is also appropriate under 28 U.S.C. § 1391(b)(2) as the location of "a substantial part of the events or omissions giving rise to the claim."

serve the convenience of the parties, the convenience of the witnesses, and the interests of justice." *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC.*, No. 14-cv-502, 2014 WL 6612881, at *2 (W.D. Wis. Nov. 20, 2014) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986)).  Since the first two condtions are indisputable, defendants' motion turns on the interests of justice factors, which include the congestion of the courts' dockets, prospects for a speedy trial, the courts' familiarity with the relevant law, and the relationship of each community to the litigation.  *See Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.,* 626 F.3d 973, 978 (7th Cir. 2010).  Unlike proof of personal jurisdiction, however, the movant bears the burden of showing that the transferee forum is "clearly more convenient." *Coffey*, 796 F.2d at 219-20.  Given that the defendants have offered no evidence establishing that the Eastern District clearly more convenient, the court finds no basis to deny plaintiff his original choice of forum.

### A.  Plaintiff's Choice of Forum

While courts have broad discretion in weighing the factors for and against transfer and considering the factors flexibly in light of the specific circumstances, *id.*, deference to a plaintiff's choice of forum is generally given.  *See Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("A defendant . . . ordinarily bears a heavy burden in opposing the plaintiff's chosen forum").  Still, less deference accrues to a forum that is neither the plaintiff's home forum nor the situs of material events.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).  This flows from the assumption that a foreign plaintiff has not elected the forum for convenience, but rather for strategic

advantage. *Sinochem,* 459 U.S. at 430. Even though weakened, the presumption in favor of a foreign plaintiff's chosen forum remains, and it is not to be upset unless convenience and the interests of justice strongly point towards transfer. *Fabio,* 2014 WL 713104, at *6 ("While this district is not in plaintiff's home state, the court will not disturb his choice of forum unless the transfer factors strongly favor the defendant.") (citing *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 663 (7th Cir. 2003)); *Illumina, Inc. v. Affymetrix, Inc.,* No. 09-cv-277, 2009 WL 3062786, at *2 (W.D. Wis. Sept. 21, 2009) ("[E]ven when plaintiff is not litigating [in] his home forum, his choice of forum should not be disturbed unless the transfer factors balance strongly favors defendant.").

Although not addressed by either party, several courts have also held that cases under section 216 of the FLSA warrant greater deference to the plaintiff's choice of forum. *See, e.g., Nicks v. Koch Meat Co.,* No. 16-cv-6446, 2017 WL 2080420, at *9 (N.D. Ill. May 15, 2017); *Onyeneho v. Allstate Ins. Co.,* 466 F. Supp. 2d 1, 5 n.2 (D.D.C. 2006) (noting that the FLSA may afford the plaintiff's choice of forum greater deference); *Salinas v. O'Reilly Automotive, LLC.,* 358 F. Supp. 2d 569, 571 (N.D. Tex. 2005); *Johnson v. Big Lots Stores, Inc.,* No. Civ.A. 04-3201, 2005 WL 357200, at *4 (E.D.La. Feb. 10, 2005). This additional deference flows from the opt-in nature of collective actions under the FLSA, which suggests that any plaintiff who opts-in deems the forum convenient. *See Alix v. Shoney's, Inc.,* No. Civ.A. 96-2812, 1997 WL 66771, at *3 (E.D.La. Feb. 18, 1997) ("[T]he 'opt-in' structure of collective actions under Section 216(a) of the FLSA strongly suggests that Congress intended to give plaintiffs considerable control over the bringing of an FLSA action."). And although courts have frequently held that class action

10

plaintiffs receive less deference with respect to their choice of forum, the increased deference due because of the FLSA's opt-in provision tends to outweigh any consideration that some members of a related class may feel compelled to agree rather than opt out. *See Johnson v. VCG Holding Corp.*, 767 F. Supp. 2d 208, 215 (D. Me. 2011); *Koslofsky v. Santaturs, Inc.*, No. 10 Civ. 9160(BSJ), 2011 WL 10894856, at *2 (S.D.N.Y. Aug. 18, 2011); *Montgomery v. Tap Ents., Inc.*, No. 06 CV 5799(HB), 2007 WL 576128, at *4 (S.D.N.Y Feb. 26, 2007). Notwithstanding Holmes's choice to litigate outside his home forum, therefore, the plaintiff's inherent right to choose the forum, combined with the deference due under the FLSA, imposes a heavier burden on the defendants to show that transfer would be "clearly more convenient."

## B. Convenience Factors

### 1. Convenience of the Parties

Defendants principally argue that the parties' location in and near Milwaukee renders the Eastern District clearly more convenient for the parties themselves. This court conducts the convenience analysis as it relates to the parties' access to witnesses, documents, and sources of proof. *Cree Inc. v. Honeywell Int'l, Inc.*, No. 14-cv-737-wmc, 2015 WL 1326414, at *3 (W.D.Wis. Mar. 25, 2015); *Kimberly–Clark*, 2014 WL 6612881, at *3. As an initial matter, defendants argue that the plaintiffs are themselves inconvenienced by having to litigate in the Western District. However, the plaintiff has leeway to disregard its own inconvenience in favor of other considerations. *Kimberly-Clark*, 2014 WL 6612881, at *4.

Inconvenience to defendants is more difficult to overlook, but generally, the

purpose of the convenience analysis is to avoid any bona fide inconvenience to a party located far from the chosen forum. *See Peterson v. U.S. Steel Corp.,* 624 F. Supp. 44, 46 (N.D. Ill. 1985) ("As other courts have noted, § 1404(a) should not be invoked for transfer between courts separated by a short and easily traveled distance since the intent of the statute was to eliminate the real inconvenience which may accrue to parties and witnesses residing a substantial distance from the district where the action is brought."). Thus, even when another venue is closer, a court in close proximity to the parties remains appropriate.  *See, e.g., Kimberly-Clark*, 2014 WL 6612881, at *4 (holding that a drive of 45 minutes to the Eastern District compared with an hour and 45 minute drive to the Western District was a more or less neutral factor).  Moreover, when documents and witnesses are under the control of the parties, the convenience factor loses importance. *Cree,* 2015 WL 1326414 at *3 (citing *Illumina*, 2009 WL 3062786, at *3).  Finally, the convenience of the attorneys factors little, if any, in the transfer analysis. *See, e.g., Kolko v. Holiday Inns, Inc.*, 672 F. Supp. 713, 715 (S.D.N.Y 1987) (convenience of plaintiff's attorney, without more, did not determine transfer).

Defendants have not identified how litigating this case in the Western District will clearly inconvenience them in accessing witnesses, documents, or sources of proof. Instead, they focus purely on the inconvenience of the commute.  Although the court sympathizes with defendants' plight (and commends the desire to reduce their carbon footprint), the fact remains that an extra hour of commute time does not warrant the transfer of this entire action away from the plaintiff's chosen forum, especially considering that this case does not project to involve more than one or two actual, in-

person appearances.  Regardless, the relatively short drive along I-94 is hardly an onerous affront to the interests of justice.

### 2.  Inconvenience to Witnesses and Access to Sources of Proof

Defendants also point out that their corporate headquarters, employees, and employee records are all located in the Eastern District and that convenience dictates that this case be tried there.  Yet this concern rings particularly hollow since all document production and depositions can still take place in Milwaukee.  Indeed, the trend in this circuit has been to afford decreasing weight to the location of records and evidence altogether in light of technological developments.  *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000); *Kimberly-Clark*, 2014 WL 6612881, at *4.  As discussed already, the location and convenience of witnesses diminishes in importance when the witnesses also are likely to be employees of a party.  *See Illumina*, 2009 WL 3062786, at *3 ("[T]he location of defendant's employee witnesses is not a heavily weighted factor because of the assumption that witnesses within the control of the party calling them, such as employees, will appear voluntarily, that is, at least without subpoena.") (internal quotations omitted).[5]

### C. Interest of Justice Factors

The court may consider the prospects for a speedy trial in the transferee and transferor districts when weighing the interests of justice.  *Research Automation,* 626 F.3d

---

[5] No likely third-party witnesses have yet been identified, and it seems probable that the witnesses who were privy to defendants' employment practices will be defendants' employees. And again, given the location of the parties and counsel near each other in Milwaukee, it is hard to see how the convenience of discovery from third parties has any bearing here.

at 978.  Both parties contend that their preferred forum offers a swifter resolution.  In particular, plaintiff asserts the Western District "processes cases more quickly than other federal courts around the country," citing to two previous decisions of this court in support of that assertion, *Almond v. Pollard,* No. 09-cv-335, 2010 U.S. Dist. Lexis 49084 (W.D. Wis. May 18, 2010), and *Sun-Beam Prods. v. Homedic, Inc.*, 587 F. Supp. 2d 1055 (W.D. Wis. 2008).  (Pl.'s Opp'n Br. (dkt. #23) at 5.)  In reply, defendants attempt to distinguish the cases cited by plaintiff as old and dealing with patent litigation, correctly pointing out that *Almond* rested at least in part on Judge Crabb's conclusion that the outstanding motions already before the court in that case made transfer inefficient, rather than standing for the broader proposition that the Western District is always faster than the Eastern District.  In fact, the *Almond* decision implied that in the absence of evidence on the state of the respective dockets, the court could not adequately judge the "speed to trial" factor.  2010 U.S. Dist. Lexis 49084, at *3.  Nor can it here.[6]

Finally, defendants claim that Eastern District possesses a special relationship to and interest in this litigation.  Although the court may consider the litigation's "relationship to the community" in the transfer analysis, *Research Automation*, 626 F.3d at 978, defendants provide little reason to do so here.  In support of their position,

---

[6] This court does enjoy a reputation for relative speed.  *See, e.g., Cree* 2015 WL 1326414, at *4; *Kimberly-Clark,* 2014 WL 6612881, at *5.  However, in their reply brief, defendants point to current statistics on the relative speeds of the Eastern and Western Districts.  *See* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2017.pdf.  According to the Federal Court Management Statistics, for the 12 month period ending March 31, 2017, the average time from filing to final disposition in a civil case filed in the Eastern District was 6.6 months, compared to 6.9 months in the Western District.  Without delving into the robustness of those results and overlooking any potential differences that arise depending on the type of litigation, it would appear that the speed to trial factor is largely neutral.

defendants simply restate that most of the events and personages involved in this case reside in the Eastern District.  Without more, defendants cannot meet their burden to overcome the deference given to plaintiff's choice of forum.

For the reasons stated above, the balance of factors in the transfer analysis does not strongly point towards transfer, and so defendants' motion to transfer venue is denied.

## ORDER

IT IS ORDERED that defendants Sid's Sealants, LLC, North Shore Restoration, LLC, and Sid Arthur's amended motion to dismiss for improper venue or, alternatively, to transfer venue to the Eastern District of Wisconsin (dkt. #19) is DENIED.

Entered this 31st day of August, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge