IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ERIC HOLMES,
on behalf of himself and
all others similarly situated,

                         Plaintiff,

      v.

SID'S SEALANTS, LLC, SID ARTHUR
and NORTH SHORE RESTORATION, LLC,

                      Defendants.

OPINION AND ORDER

16-cv-821-wmc

In this putative collective action, plaintiff Eric Holmes claims that defendants Sid's Sealants, LLC, and North Shore Restoration, LLC, denied their employees overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff now asks the court to conditionally certify a collective action consisting of defendants' current and former employees impacted by their allegedly unlawful policies. (Dkt. #29.) Because plaintiff has made the required modest factual showing necessary for conditional certification, the court will grant the motion and authorize distribution of the attached notice.

## BACKGROUND

Defendant Sid's is a Wisconsin limited liability corporation that provides building weatherization for general contractors. Sid's employs approximately 30 union members, whose job titles range from apprentice to journeyman. Defendant North Shore is also a Wisconsin limited liability corporation that inserts floor joints and provides other entry-level work for a limited number of general contractors. North Shore employs approximately 10 non-union employees. These two defendant companies are distinct legal entities; perform different work; and have unique employer and corporate identification numbers, as well as separate

unemployment compensation accounts, credit cards and bank accounts. The companies do, however, acknowledge that: defendant Sidney Arthur is the companies' registered agent and the sole member of both LLCs; the companies have sometimes been hired to work on the same projects; and their bank accounts are linked, in part to prevent overdrafts.

There appears to be some disagreement as to which of the defendant companies employed plaintiff Eric Holmes (and for how long). (*Compare* Declaration of Eric Holmes (dkt. #32) ¶ 3 *with* Defs.' Conditional Certification Opp'n (dkt. #36) 8.) The court, however, need not resolve this dispute at this time because plaintiff purports to bring suit on behalf of those similarly situated employees of both companies.[1]

Based mostly on Holmes' own observations and statements attributed to Arthur, plaintiff alleges that the defendant companies shared two policies that violated the FLSA. *First*, both companies failed to pay overtime for hours worked over 40 hours per week. Plaintiff Holmes alleges that he -- and other members of his crew -- routinely worked more than 40 hours per week, yet all their time was compensated at their regular hourly rate. To avoid paying overtime, plaintiff also alleges that both companies issued two paychecks per pay period for employees who worked more than 40 hours per week. Plaintiff further alleges that Arthur told him of his policy not to pay overtime. As further evidence of this alleged policy, plaintiff notes that Sid's paid only 69.5 total hours of overtime between 2013-2017 (all in 2014 and 2015) and North Shore paid *zero* hours of overtime during that same time frame.

*Second*, plaintiff alleges that both companies required employees to punch out at the start of travel. While acknowledging that this policy may not be per se unlawful, plaintiff

---

[1] Should it turn out that Holmes was in fact employed by only one of the two companies, plaintiff is welcome to seek leave to add an additional class representative for the employees of that company.

alleges that the policy was unlawful as applied by defendants because the companies did not compensate workers' for: (1) return trips from outside their home communities during normal working hours, (2) trips between worksites, and (3) trips between worksites and work at the shop, which also deprived them of the ability to earn overtime. For this claim, plaintiff again relies primarily on his observations and experience, including calls that defendant Arthur would make personally to crewmen who failed to punch out before departing a jobsite, even if returning to the shop to continue working.

Defendants deny the existence of these policies, and defendant Arthur specifically denies making the statements attributed to him.

## OPINION

### I. Conditional Certification

Under the FLSA, plaintiffs can bring a "collective action" seeking to recover unpaid compensation against an employer on behalf of themselves and "similarly situated" employees. 29 U.S.C. § 216(b). Before a plaintiff can litigate on behalf of any other employee, however, they must "consent in writing" and that consent must be filed with the court. *Id.* Because of this "opt in" requirement, courts engage in a two-step process to certify FLSA collective actions. *Bitner v. Wyndham Vacation Resorts, Inc.*, 304 F.R.D. 354, 357 (W.D. Wis. 2014). In the first, the plaintiff seeks a conditional certification, after which notice is sent to putative plaintiffs and discovery proceeds, in the second, the defendants may move to decertify. *Id.* at 357-58.

At the conditional certification stage, the plaintiff need only provide "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* at 357 (quoting *Austin v. CUNA Mut. Ins.*

*Soc'y*, 232 F.R.D. 601, 605 (W.D. Wis. 2006)). Unlike the "rigorous analysis" required under Rule 23 of the Federal Rules, the conditional certification standard is "'fairly lenient,'" although not "a 'mere formality.'" *Id.* (quoting *Foshinder-Bittorf v. SSM Health Care of Wis., Inc.*, No. 11-cv-592-wmc, 2013 WL 3287634, at *4 (W.D. Wis. Mar. 21, 2013) and *Berndt v. Cleary Bldg. Corp.*, No. 11-cv-791-wmc, 2013 WL 3287599, at *7 (W.D. Wis. Jan. 25, 2013)).

Importantly, the court does *not* adjudicate the merits at conditional certification and factual disputes are resolved in favor of the plaintiff. *Id.* at 357-58. Showing that the named plaintiff and the putative plaintiffs are "victims of a common policy or plan that [is asserted to have] violated the law" satisfies the similarly situated requirement at conditional certification. *Id.* at 358 (alteration in the original) (quoting *Freeman v. Total Sec. Mgmt.-Wis., LLC*, No. 12-cv-461-wmc, 2013 WL 4049542, at *5 (Aug. 9, 2013 W.D. Wis. 2013)). In turn, this "requires a 'factual nexus that connects [the named plaintiff] to other potential plaintiffs as victims of an unlawful practice.'" *Id.* (alteration in the original) (quoting *Sjoblom v. Charter Commc'ns, LLC*, 571 F. Supp. 2d 961, 971 (W.D. Wis. 2008)). This inquiry centers on "whether potential plaintiffs 'are sufficiently similar to believe a collective action will facilitate efficient resolution of a legal dispute involving claims which share common questions and common answers." *Id.* (quoting *Berndt*, 2013 WL 3287599, at *7).

Here, plaintiff asks the court to certify conditionally "a single class of all persons who worked as a jobsite employee . . . for either Sid's Sealants or North Shore Restoration during the time period on or after December 12, 2013." (Pl.'s Mot. Conditional Certification (dkt. #29) 1.) While defendants raise a number of objections to conditional certification in their opposition (dkt. #36), the court finds none particularly persuasive.

Many of defendants' objections boil down to an assertion either that (1) plaintiff has

not offered additional employee declarations or (2) plaintiff's facts are wrong, and thus he has not met his burden. As outlined above, however, plaintiff was not required to present additional declarations at the conditional certification stage, and factual disputes are resolved in plaintiff's favor. Citing almost no authority, defendants nevertheless assert that plaintiff should be held to an "intermediate" standard of scrutiny, because he had access to other employees (through his prior professional relationships or by virtue of already being provided contact information by defendants). However, the court agrees with plaintiff's response that such a standard is best applied after more robust discovery has occurred, in particular affirmative discovery of defendants themselves.[2]

Defendants also invite the court to adjudicate the merits of plaintiff's claim that the companies are in fact a joint employer, using their "separateness" to disqualify the named plaintiff as not similarly situated to employees of both companies. Again, however, the court similarly declines to delve into the weeds of the joint-employer issue at conditional certification, because it is not the time to examine the merits of plaintiff's case; rather, as already explained, plaintiff need only put forward a "modest factual" showing that the companies' employees were subject to the *same* alleged policies. In this case, the named plaintiff offers his personal observations and experiences in working with employees from both companies who were similarly impacted by policies apparently promulgated and enforced by the same, sole member of both limited liability corporations. Certainly, defendants may prove

---

[2] Deferring a more robust inquiry until the decertification stage is not only consistent with this court's general standard requiring that a plaintiff at conditional certification provide only a "modest factual showing," but requiring plaintiff's counsel to contact potential plaintiffs in order to achieve conditional certification of the collective action could undermine the standard certification notice period and raise problematic privilege and ethical concerns for plaintiff's counsel in contacting others about joining the suit.

otherwise at the decertification stage, but plaintiff has done enough to move on to the notice and discovery phase before the final certification phase is reached.

Defendants further maintain that the sole member, defendant Sid Arthur, gave discretion to his on-site employee managers to handle day-to-day tasks, including travel times and hours so that there was no policy capable of collective evaluation. Of course, plaintiff disputes this, asserting that Arthur did *not* give managers discretion to permit employees to count return trips to the shop as hours worked nor to allow any overtime pay. Regardless, this dispute over whether the policies permitted discretion again goes to the merits. Moreover, if managers were authorized to make *exceptions* in prevailing, unlawful overtime pay or return travel policies, that may factor into any damages award, rather than barring the collective action to proceed.

Finally, contrary to defendants' repetitive objections that plaintiff *only* provided his own declaration, he has made the "modest factual showing" required by the FLSA not just based on that declaration, but also based on the companies' payroll documents, plaintiff's own bank statement, and statements allegedly made by Arthur. Plaintiff has, therefore, produced sufficient evidence to suggest that the companies had policies that (1) prevented the payment of earned overtime compensation, and (2) failed to count as hours worked return travel or travel between work locations. This is enough to show that plaintiff and others like him were unlawfully deprived of overtime compensation that was due and owing.

## II. Notice

Having found that conditional certification of a collective action is appropriate, the court now turns to the parties' disagreements about the form and process of notice. Plaintiff

requests that the court authorize distribution of the notice and consent forms attached to his motion for conditional certification. (Dkt. ##29, 29-1, 29-2.) Since then, defendants have submitted a counterproposal and plaintiff a revised notice. (Dkt. ##36-4, 40-1.) The parties have a number of disagreements as to the appropriate form and procedure to be used for the notice to be sent to putative plaintiffs.[3] At the outset, however, the court rejects a number of defendants' suggestions that would, if adopted, principally serve to defeat the very purpose of providing notice and a meaningful opportunity to consider whether to opt-in, such as including defense counsel's contact information or limiting opt-ins to those filed directly with the court within 60 days of this court's order.

### A. Form

The court will attempt to address defendants' proposals and objections, section-by-section, beginning generally with its preference for the larger font size used in defendants' proposal, which improves readability.[4]

As for the initial "Purpose of Notice" section, defendants shorten the first sentence by omitting the clause concerning the FLSA.[5] However, the court finds it appropriate to briefly

---

[3] The only apparent agreement between plaintiff and the defendants as to the form of the notice is that plaintiff should be referred to in the singular "Plaintiff," instead of the plural "Plaintiffs." (*Compare* dkt. #29-1 *with* dkt. #40-1; *see also* Defs.' Conditional Certification Opp'n (dkt. #36) 14.) Starting from that modest piece of progress, the court will use plaintiff's revised notice as a starting point to address defendants' objections and counterproposals.

[4] Specifically, plaintiff's counsel is directed to increase the font size to 12.

[5] (*Compare* Pl.'s Proposed Notice (dkt. #40-1) 1) ("This Notice is to inform you about a lawsuit in which you are potentially eligible to participate; how your rights under the Fair Labor Standards Act ('FLSA') may be affected by this lawsuit; and how to join this lawsuit, should you choose to do so.") *with* Defs.' Proposed Notice (dkt. #36-4) 1) ("This Notice is to inform you about a lawsuit in which you are potentially eligible to participate and how you may join in this lawsuit, should you choose to do so.").)

inform putative plaintiffs *why* they received the notice, including the statutory underpinnings of their possible claim. Defendants also propose adding a sentence informing putative plaintiffs that they "are not required to participate in this lawsuit." (Defs.' Proposal (dkt. #36-4) 1.) Considering the fact that this section already informs plaintiffs *how* to join the suit, "*should [they] choose to do so*" -- not to mention later clarifications that joining is voluntary -- this additional sentence is unnecessary and repetitive. Defendants' other suggestions to this section are stylistic and unnecessary. Accordingly, they are rejected without further discussion.[6]

Turning next to the "Description of the Lawsuit" section, defendants raise valid points with regard to the second sentence of the first paragraph and the entirety of the second paragraph. The second sentence should now read:

> The lawsuit alleges that both Sid's Sealants and North Shore Restoration violated the FLSA rights of some employees by not consistently paying time and a half to employees who worked more than 40 hours per week; and by not paying employees for their return trips from the jobsite back home or to the shop when: (a) they traveled home from a faraway jobsite; (b) they worked at the shop after returning; or (c) their return trip was to a different jobsite where they continued to work.

As for the second paragraph, defendants should (within reason) be able to describe their position. As proposed by defendants, the second paragraph should read: "The defendants deny violating the FLSA and contend that all employees were properly paid overtime as required by law." Plaintiff's proposed statement that the court still must determine if there was a violation of the FLSA is unnecessary, since the same point is included at the end of the previous and in the next sections.

Turning to the "Who Is Sending the Notice" section, the court rejects outright

---

[6] Having said that, in addition to adopting improvements or clarifications by defendants, the court has taken this opportunity to augment the proposed notice to improve clarity and readability.

defendants' proposed removal of the sentence explaining that this court authorized the notice, as well as defendants' related objection to its appearing at the beginning of that paragraph. Informing recipients of this court's authorization differentiates the notice from junk mail, and thus it encourages putative plaintiffs to read it. Likewise, with a minor addition as bolded in the footnote that follows, the court prefers plaintiff's proposal reiterating that the authorization does not equate to a judicial opinion on the merits of the case.[7]

While the parties agree on plaintiff's proposed paragraph under the section "Your Right to Participate in this Suit," defendants seek to add an additional sentence, as a separate paragraph, informing putative plaintiffs of their "right to obtain [their] own counsel." While the court finds this language confusing, it has added the following phrase to the last sentence in this section: "and you may, of course, consult your own counsel before deciding how you wish to proceed."

The court agrees that some of the language proposed by the plaintiff in the "How and When to Join the Suit" section unnecessarily reiterates the possibility of recovery. For instance, plaintiff's proposed second sentence provides that "If you choose to join this lawsuit, and thus participate in any recovery that may result from this lawsuit, it is extremely important that you read, sign and return the Consent Form before _____." Instead, the sentence should be shortened to read as follows: "If you choose to join this lawsuit, it is extremely important that you read, sign and return the Consent Form before _____." However, the court rejects

---

[7] (*Compare* Pl.'s Proposed Notice (dkt. #40-1) 1 ("Although the judge in this case allowed us to send you this Notice, the judge has expressed no opinion about **the legal or factual merits of** Plaintiff's claims, Defendants' defenses or whether the Plaintiff or any other similarly situated employees are entitled to recover any monies in this action.") *with* Defs.' Proposed Notice (dkt. #36-4) 1) ("The judge in this case has not expressed any opinion about Plaintiffs' claims, Defendants' defenses or whether the Plaintiffs or any other similarly situated employees are entitled to recover any monies in this action.").)

defendants' proposed removal of the last sentence in that paragraph, which offers a commonsense solution to a possible problem, while removing it could cripple the ability of putative plaintiffs to opt-in. As to the second paragraph, it, too, is an example of undue fixation on possible recovery. As such, the sentence should be modified it to read: "If your signed Consent Form is not mailed by _____, you will not be able to participate in this lawsuit, nor participate in any recovery obtained under the FLSA against the Defendants in this lawsuit." As for the third paragraph in this section, the court agrees with defendants that "clock is running as to" should be replaced with "determines," but otherwise leaves plaintiff's proposed language unchanged. Finally, the last sentence that the defendants argue is duplicative and non-neutral further explains the effect of the running statute of limitations, and it should not be removed.

The court agrees with defendants that the text in the "Effect of Joining this Lawsuit" section should be broken up into multiple paragraphs, as they propose in their proposal, for ease of reading. And again, it is unnecessary to begin the paragraph with the promise of participation in possible recovery, so that sentence will be modified to read "You will be bound by the judgment, whether favorable or unfavorable." The dispute as to whether to refer to the named plaintiff as "Eric Holmes" or "the Plaintiff" in what will become the second paragraph is immaterial and need not be changed. In what will now be the penultimate paragraph of that section, defendants are correct that providing information or documents is a risk of participation and should be included. Thus, the first sentence in the penultimate paragraph should read: "The risks in joining this lawsuit may include: (1) being required to participate in the litigation by providing information or documents, or testifying at deposition and/or trial; and (2) having a portion of the defendants' court costs and expenses assessed against you if the

Plaintiff does not win on any of the claims."  As an offset, however, the disputed sentence in the section's last paragraph should also remain, because it elaborates on a risk to putative plaintiffs of not participating in the suit.

Consistent with this discussion, plaintiff's counsel is directed to use the form of the attached notice.[8]

## B.  Process

Even more disappointing, the parties even disagree on many aspects of what is ordinarily a straightforward notice process, which requires that this court provide an outline specifying how putative class members are to receive notice and submit their consents, should they choose to opt-in.

First, to the extent that defendants have not already done so, they shall provide plaintiff with an electronic list of putative plaintiffs' names and addresses within 10 days of this order.  Second, plaintiff's counsel is to mail notices to putative plaintiffs using the United States Postal Service by December 31, 2017.  Third, the court denies defendants' request that notice *only* be distributed in this fashion.  Instead, the court accepts plaintiff's counsel's representation that after the initial mailing, they "will not initiate contact with prospective class members, other than resending those notices that are returned as undeliverable."  (Pl.'s Reply (dkt. #40) at 17.)[9]  Plaintiffs are also not forbidden from creating a website to communicate with those who

---

[8] The court has also made a few typographical corrections:  (1) changing "a" to "an" in the sentence before the "Purpose of Notice" section, and "have" to "has" in the "Effect of Joining this Lawsuit" section; (2) ensured the quotation marks were all smart, instead of a mixture of straight and smart; (3) changed incorrect capitalization; (4) changed "a" to "this" in the first sentence in the "Your Right to Participate in this Suit" section; and (5) corrected spacing issues (removing extra spaces and adding a second space after each sentence).

have opted in, even though no website appears to be referenced in the notice.  Fourth and finally, the court will require defendants to post notice in the workplace consistent with its order and practice.[10]

Once the notice is mailed, putative plaintiffs will have 60 days to postmark their opt-in consents.  Thus, the court declines defendants' invitation to only count opt-in consents *filed with the court* -- instead of simply mailed -- within 60 days of the notices' mailing.  As represented, plaintiff's counsel "will file opt-in notices with the Court as soon as they are received."  (*Id.*)

---

[9] In resending, plaintiff's counsel may use whatever alternative mode of communication seems most likely to be effective, including mailing to a different address, texting or emailing.

[10] Typically this would be done by prominent posting on any standard employee bulletin board, but defendants may propose alternatives for the court to consider provided they are likely to be more effective.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion for conditional certification (dkt. #29) is GRANTED.

2) Within 10 days, plaintiff's counsel shall provide defendants with a list of notices sent (if any) before the issuance of this order.

3) Absent objection, to the extent they have not already done so, defendants shall produce to plaintiff an electronic list of names and addresses of putative class members within 10 days of this order.

4) Plaintiff's counsel is authorized to mail notice consistent with the above and the attached to putative class members by December 31, 2017, who shall have 60 days from the date of mailing to opt-in.

Entered this 28th day of November, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge